Biagia Avola SCIBILIA, Plaintiff,

v.

John Foster DULLES, as Secretary of State of the United States of America, Defendant.

Civ. No. 14916.

United States District Court
E. D. New York.

May 15, 1956.

48

Newman, Aronson & Neumann, New York City, by Mannis Neumann, New York City, of counsel, for plaintiff.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., by John W. Wydler, Asst. U. S. Atty., Garden City, N. Y., of counsel, for defendant.

RAYFIEL, District Judge.

This is an action under Section 503 of the Nationality Act of 1940, as amended, 8 U.S.C. 903,[1] in effect at the time of the commencement thereof, for a judgment declaring her to be a citizen of the United States.

The plaintiff was born in Italy on November 8, 1920. Her father became a naturalized citizen of the United States on June 27, 1927, and the plaintiff obtained derivative citizenship when she emigrated to this country on September 21, 1927. In or about November, 1929, she returned to Italy with her father. In September, 1946, he returned to the United States, but she remained there, having married an Italian national in 1945. She voted in the Italian elections in 1946, and on September 7, 1948, a certificate of expatriation, based on that fact, was issued by the United States Consul in Palermo, Italy. She returned to the United States on June 25, 1951,

by virtue of a certificate of identity, granted to her on May 7, 1951, for the purpose of prosecuting this action.

She contends that she never intended to give up her American citizenship; that her participation in the Italian election of 1946 was under duress; that she had made inquiry of certain officials in the village in which she lived, and was informed by them that she would lose her ration cards and might be subject to other penalties if she did not vote; that hence her act of voting was not voluntary, but was induced by fear of reprisals.

It is the defendant's contention that the plaintiff has forfeited her American citizenship for two reasons: first, because of her participation in the Italian election of 1946; second, by virtue of the provisions of section 404(b) of the Nationality Act of 1940, Title 8 U.S. Code, § 804(b),[2] which states that: "A person who has become a national by naturalization shall lose his nationality by: * * * (b) Residing continuously for three years in the territory of a foreign state of which he was formerly a national or in which the place of his birth is situated, except as provided in section 806 hereof." (The plaintiff does not come within any of such exceptions.)

As I indicated at the trial I was not impressed by the plaintiff's testimony. Her demeanor on the witness stand was not frank and forthright; on the contrary, her answers to questions were frequently equivocal and evasive, and sometimes, I was convinced, untruthful. I did not believe her testimony that she voted in the Italian election of 1946 under duress. The facts in the case at bar, are, therefore, quite distinguishable from those in the case of Takano v. Dulles, D.C., 116 F.Supp. 307, at page 310, cited by the plaintiff, in which the court said, "Extended cross-examination of plaintiff did not tend to cast doubts on her testimony given on direct examination, even though minor inconsisten-

1. Now Immigration and Nationality Act, § 360, 8 U.S.C.A. § 1503.

2. Now Immigration and Nationality Act, § 352(a), 8 U.S.C.A. § 1484(a).

cies were revealed. She appears to be worthy of belief." That cannot be properly said of the testimony of the plaintiff herein.

The area in which the plaintiff resided had been under the control of the American Army since 1944. The American consulate in Palermo had been open for some time prior to the elections of 1946. She could have made inquiry of either the military or·consular authorities before she voted in 1948. I therefore reject her contention that her participation in the Italian election of 1946 was involuntary and under duress.

But even if no consideration be given to her participation in the election of 1946, it is my opinion that the plaintiff lost her citizenship by reason of the provisions of section 404(b) of the Nationality Act of 1940, Title 8 U.S.Code, § 804(b), quoted above. Section 409 of the Act, Section 809 of Title 8 U.S.Code,[3] originally provided that American citizenship should not be lost, pursuant to that section, until the expiration of two years from October 14, 1940, or, until October 14, 1942. That section was amended on October 11, 1945, 59 Stat. 544, by extending the original date for six years, or, until October 14, 1946.

The plaintiff could have retained her American citizenship by returning to the United States prior to that date, but she neglected to do so. However, her father, whose position was substantially similar to hers, returned to the United States in *September, 1946,* in time to retain his American citizenship. Can it be that, having married an Italian national in 1945, she decided to make Italy her permanent home, rather than return to the United States and retain her American citizenship? I think the facts support that conclusion.

Accordingly, judgment is rendered in favor of the defendant, dismissing the complaint herein.

3. Now Immigration and Nationality Act, § 355, 8 U.S.C.A. § 1487.